UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                           Case No. 15-cr-20145
                                                   Hon. Matthew F. Leitman

v.

MICHAEL RAY GLESEN,

          Defendant.

_____/

**<u>ORDER TO SUPPLEMENT REQUEST FOR COUNSEL (ECF No. 68)</u>**

Defendant Michael Ray Glesen is currently incarcerated at FCI Milan.  On June 30, 2020, Glesen filed a Request for Counsel so that he may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Request for Counsel, ECF No. 68, PageID.742.) According to Gleson, "I qualify [for compassionate release] on a number of factors and I would like [counsel] to review my situation with me." (*Id.*)

Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

1

Glesen has not given the Court enough information to determine whether he has satisfied this exhaustion requirement.  Therefore, the Court **DIRECTS** Glesen to file a supplement to his request that informs the Court whether he has submitted a written request for compassionate release to the warden at FCI Milan.  If Glesen has submitted a written request for compassionate release to the warden at FCI Milan, then Glesen shall also inform the Court of the date on which he submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Glesen has not submitted a request for compassionate release to the warden, or (2) Gleson has submitted such a request but 30 days have not lapsed since the warden received his request, then the Court will dismiss his current filing (ECF No. 68) without prejudice.  In that event, Glesen would be permitted to file a motion seeking compassionate release (or the appointment of an attorney to review such a motion) upon exhausting his remedies.

Additionally, Gleson has not given the Court enough information to determine whether he is otherwise qualified for compassionate release.  Accordingly, the Court **DIRECTS** Gleson to use his supplement to also inform the Court why he believes he qualifies for compassionate release.

 **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE


Dated:  July 21, 2020

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761